IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Matthew Sahm, | : | |
| | : | Case No. 1:14-cv-698 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part and Denying in Part Motion to Dismiss |
| Miami University, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Miami University's Motion to Dismiss Plaintiff's Complaint (Doc. 7).  Plaintiff Matthew Sahm brought this suit against Defendant Miami University following his expulsion from Miami University in 2013.  Sahm has asserted eleven claims against Miami University.  Miami University has moved to dismiss all eleven claims on the basis that Sahm has failed to state a claim upon which relief can be granted.  Sahm contests the dismissal of four of the eleven claims.  For the reasons that follow, the Court will **GRANT IN PART AND DENY IN PART** the Motion to Dismiss.

I. BACKGROUND

A. Factual History

The Court assumes the truth of the well-pleaded allegations in the Complaint (Doc. 1) for purposes of this Motion to Dismiss.  Sahm is a resident of the Commonwealth of Virginia who attended Miami University, a public university in Oxford, Ohio, from 2012 to 2013.  (Doc. 1 at PageID 2.)  Sahm was accused of sexually assaulting A.P., a female student who also attended Miami University, on the night of August 31, 2013.  (*Id.* at PageID 3–4.)  Sahm denies that he sexually assaulted A.P. and states that they engaged in consensual sex on the night in question.  (*Id.* at PageID 2–3.)

1

On September 6, 2013, Miami University gave Sahm notice that he was accused of sexual assault in violation of the Miami Student Handbook. (*Id*. at PageID 4.) After conducting an investigation and holding a hearing, Miami University's Disciplinary Board found that Sahm violated the Student Handbook and subsequently expelled him from Miami University. (*Id*. at PageID 6–9.) Sahm alleges that the Disciplinary Board did not conduct the hearing in a fair manner including that the Disciplinary Board was not adequately trained to conduct the hearing, improperly placed the burden of proof upon Sahm, and did not allow Sahm to fully cross-examine witnesses. (*Id*. at PageID 7–9.) Sahm petitioned Miami's Appeals Board to consider new evidence, to determine whether the Disciplinary Board imposed an inappropriate sanction, and to determine whether the discipline process was procedurally defective. (*Id.* at PageID 9–10.) On October 18, 2013, the Appeals Board denied Sahm's appeal. (*Id.* at PageID 10.) Finally, Sahm sought a Vice Presidential Review, but the decision again was upheld on November 1, 2013. (*Id.* at PageID 11.)

Separately, A.P. also filed an incident report with the Oxford Police Department alleging that she had been sexually assaulted. (*Id.*) The Police Department investigated the allegations and interviewed Sahm. (*Id.* at PageID 11, 13.) Sahm was not indicted or charged with a crime. (*Id.* at PageID 13.)

After leaving Miami University, Sahm returned to Virginia and enrolled at a community college. (*Id*. at PageID 14.) Sahm later applied to attend Allegheny College, but he was denied admission on July 19, 2014. (*Id*.)

**B.     Procedural History**

Sahm brought suit in this Court on September 9, 2014. (Doc. 1.) Sahm alleges that the disciplinary proceedings leading to his dismissal from Miami University were conducted in an

2

unfair and prejudicial manner and not in accordance with Miami University's disciplinary policies. (*Id*. at PageID 1–2.) Sahm asserts eleven claims for relief in his Complaint: (1) Breach of Contract, (2) Intentional Infliction of Emotional Distress, (3) Libel Per Se, (4) Libel—Reckless Disregard/Malice, (5) Libel Per Quod, (6) Vacatur of the Disciplinary Decision—Arbiter's Partiality, (7) Vacatur of the Disciplinary Decision—Arbitrator's Misconduct, (8) Violation of Civil Rights—42 U.S.C. § 1983, (9) Violation of Title IX—Erroneous Outcome, (10) Violation of Title IX—Deliberate Indifference and Sexual Discrimination, and (11) Violation of Due Process Rights. (*Id*. at PageID 15–24.)

On September 26, 2014, Miami University moved to dismiss all of Sahm's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 7.) Miami University's Motion to Dismiss rests on three distinct arguments.

First, Miami University contends that the Eleventh Amendment to the Constitution bars all of Sahm's claims except for the Title IX claims. Significantly, Sahm concedes in his responsive brief that Miami University has Eleventh Amendment immunity as to the state law claims alleged in the first through fifth claims for relief. (Doc. 10 at PageID 64.) Sahm contests whether Miami University has Eleventh Amendment immunity for the federal civil rights violations alleged in the eighth and eleventh claims.

Second, Miami University contends that Sahm's sixth and seventh claims for vacatur of the disciplinary proceedings are untimely if, as alleged by Sahm, Miami University's proceedings qualified as an arbitration for purposes of Ohio Revised Code chapter 2711. Ohio Revised Code § 2711.13 contains a three-month limitations period for serving a notice to vacate an arbitration award. Sahm concedes that the claims for vacatur are barred by the statute. (Doc. 10 at PageID 65.)

Third, Miami University contends that the ninth and tenth claims for alleged violations of Title IX should be dismissed for failure to state a claim upon which relief can be granted. Sahm opposes dismissal of his Title IX claims.

## II. STANDARDS GOVERNING MOTIONS TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations, which are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Harvard v. Wayne Cty.*, 436 F. App'x 451, 457 (6th Cir. 2011) (internal quotation and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

4

### III. ANALYSIS

Because Sahm has conceded that his state law claims should be dismissed, the Court must only examine the following two issues: (1) whether Sahm's claims for civil rights violations pursuant to 42 U.S.C. § 1983 against Miami University are barred and (2) whether Sahm has adequately pleaded Title IX claims for relief.

### A. Civil Rights Violations and Eleventh Amendment Immunity

Sahm purports to state separate claims for relief against Miami University for violating unspecified rights under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and for violating due process rights under the Fourteenth Amendment. As Miami University notes, the Fourteenth Amendment does not create a private right of action. However, "it is well settled that the rights created thereunder can be enforced through 42 U.S.C. § 1983." *Smith v. Michigan Dept of Corrs.*, 765 F. Supp. 2d 973, 981 (E.D. Mich. 2011) (citing *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 611 (2008)). Both of Sahm's claims for civil rights violations will be analyzed as brought pursuant to § 1983.

The Court must determine whether Sahm can bring a § 1983 claim against Miami University in federal court for a constitutional violation. The Court concludes that he cannot. Section 1983 creates a private cause of action for violations of constitutional rights committed by a "person" acting under the color of state law. 42 U.S.C. § 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) ("[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted.").[1] Under Ohio law, the term

---

[1] An exception to this standard applies when a plaintiff sues a state official in his or her official capacity and seeks only prospective injunctive relief. "[A] state official in his or her official capacity, when sued

"state" includes the "all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities" of the State of Ohio. Ohio Rev. Code § 2743.01(A). Public universities within the State of Ohio, such as Miami University, are considered to be arms of the State. *See McKenna v. Bowling Green State Univ.*, 568 F. App'x 450, 456 (6th Cir. 2014); *Phi Kappa Tau Chapter House Ass'n of Miami Univ. v. Miami Univ.*, No. 1:12-cv-657, 2013 WL 427416, at *4 (S.D. Ohio Feb. 4, 2013). Therefore, in suing Miami University, Sahm has failed to sue a "person" who can be held liable under § 1983. *McKenna*, 568 F. App'x at 456 (finding BGSU not to be a person subject to suit under § 1983); *Underfer v. Univ. of Toledo*, 36 F. App'x 831, 834 (6th Cir. 2002) ("[T]his Court has held that public-funded universities are not considered 'persons' under § 1983 . . . .") (internal citations omitted); *Min Li v. Qi Jiang*, No. 4:13cv2435, 2014 WL 3962466, --- F. Supp. 2d ---, at *7 (N.D. Ohio Aug. 13, 2014) ("Section 1983 claims may not be brought against instrumentalities of a state, such as state universities.").

Additionally, even if Miami University qualified as a "person" subject to suit under § 1983, it still would be entitled to Eleventh Amendment immunity. The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. amend. XI. The immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dept't of Treas., State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted). The Eleventh Amendment does not apply where the State has waived the immunity or Congress has abrogated the immunity. *Id.* The Sixth Circuit explicitly has held

---

for injunctive relief, would be a person under § 1983." *McKenna v. Bowling Green State Univ.*, 568 F. App'x 450, 456 n.1 (6th Cir. 2014) (quoting *Will*, 491 U.S. at 71 n.10). In this case, however, Sahm has sued only Miami University and not any university officials in their official capacity.

that Miami University is an arm of the state entitled to Eleventh Amendment immunity. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012).

Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) *cert. denied*, 134 S. Ct. 1023 (2014). The Supreme Court has stated that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States[,] nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States." *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Courts in the Sixth Circuit routinely hold that public universities are immune from § 1983 lawsuits under the Eleventh Amendment. *See*, *e.g.*, *McKenna*, 568 F. App'x at 456–57 (finding, alternatively, that BGSU was entitled to Eleventh Amendment immunity from § 1983 suit); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000) (finding the University of Cincinnati to be an arm of the state entitled to Eleventh Amendment immunity); *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 449 (S.D. Ohio 1991) ("UC, an arm of the State of Ohio, is immune from suit.").

Accordingly, the Court will dismiss the § 1983 claims against Miami University.

**B.    Title IX Claims**

Miami University concedes that the Eleventh Amendment does not bar Sahm's Title IX claims, but it nonetheless moves to dismiss the claims for failure to state a claim upon which relief can be granted.[2] Title IX of the Education Amendments of 1972 provides generally that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Sahm asserts claims for Title IX

---

[2] Congress explicitly abrogated a state's Eleventh Amendment immunity in Title IX. 42 U.S.C. § 2000d-7(a)(1).

under two separate theories of relief, erroneous outcome and deliberate indifference. (Doc. 1 at PageID 22–24.) In a typical erroneous outcome case, the plaintiff "attack[s the] university disciplinary proceeding on grounds of gender bias" by arguing that the plaintiff "was innocent and wrongly found to have committed an offense." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). In the typical deliberate indifference case, "a plaintiff seeks to hold an institution liable for sexual harassment and . . . [is required to] demonstrate that an official of the institution who had authority to institute corrective measures had actual notice of, and was deliberately indifferent to, the misconduct." *Mallory v. Ohio Univ.*, 76 F. App'x 634, 638 (6th Cir. 2003).

Miami University moves to dismiss the erroneous outcome Title IX claim arguing that Sahm's allegations are insufficient to raise an inference of gender bias. A plaintiff bringing an erroneous outcome claim must plead two elements: (1) facts sufficient to cast doubt as to the accuracy of the outcome of the disciplinary proceeding and (2) causation. *Yusuf*, 35 F.3d at 715. The Court easily concludes that Sahm has pleaded sufficient allegations of a flawed process to cast doubt on the accuracy of the disciplinary proceedings. However, an erroneous outcome claim also requires the plaintiff "to demonstrate that the conduct of the university in question was motivated by a sexual bias." *Mallory*, 76 F. App'x at 638. In his erroneous outcome claim, Sahm alleges that "[i]n virtually all cases of campus sexual misconduct," the accused student is male and the accuser is female. (Doc. 1 at PageID 23.) Sahm further alleges that he "was fundamentally denied due process as to be virtually assured a finding of guilt of a violation of the Handbook" and that the "Disciplinary Board's decision reached was an erroneous outcome." (*Id.*) Miami University argues that Sahm has failed to plead allegations which plausibly state a causal connection between Miami University's conduct and a bias against male students.

8

The allegations of causation sufficient to state a Title IX claim can be similar to those sufficient to state a Title VII discrimination claim, such as "statements by members of the disciplinary tribunal, statements by pertinent university officials, or patterns of decision-making that also tend to show the influence of gender." *Yusuf*, 35 F.3d at 715; *see also Mallory*, 76 F. App'x at 640 (applying the *Yusuf* standard). The Sixth Circuit has noted that "one case by an individual who was subjectively dissatisfied with the result [of a disciplinary proceeding] does not constitute a pattern of decisionmaking." *Mallory*, 76 F. App'x at 640 (internal quotation omitted); *see also Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 756 (E.D. Tenn. 2009) (quoting and applying *Mallory*). Miami University argues that this case falls within the parameters of an insufficient allegation as described in *Mallory*—Sahm asserts that he was not afforded due process at his hearing and makes the unsubstantiated leap that he was discriminated against on the basis of his gender.

Miami University also argues that the case is materially distinguishable from a recent case against Xavier University where the plaintiff did sufficiently plead an erroneous outcome Title IX claim. *See Wells v. Xavier Univ.*, 7 F. Supp. 3d 746 (S.D. Ohio 2014). In *Wells*, the plaintiff alleged that he was falsely accused of sexual assault against a female student by Xavier and that he was wrongly expelled after a flawed disciplinary proceeding. *Id.* at 747–48. He alleged that the charges and disciplinary hearing against him arose in a context of an investigation conducted by the Office of Civil Rights ("OCR") within the U.S. Department of Education regarding Xavier's handling of previous sexual assault allegations. *Id.* at 747. He alleged essentially that Xavier "made him into a scapegoat" to demonstrate to the OCR its better response to sexual assault. *Id.* The court agreed with the plaintiff's argument that his allegations were sufficient to state an erroneous outcome Title IX claim insofar as he alleged that Xavier had

9

"react[ed] against him, as a male, to demonstrate to the OCR that [Xavier] would take action, as [it] had failed to in the past, against males accused of sexual assault." *Id.* at 751.

Sahm's Complaint lacks allegations that Miami University had a pattern of decisionmaking based on gender, that Miami University officials or disciplinary board members made comments demonstrating gender-based animus, or that the disciplinary proceedings against Sahm arose in the context of an OCR investigation against Miami University for its handling of sexual assault charges. Implicitly recognizing these deficiencies, Sahm attempts to bolster his allegations of gender bias against Miami University by referencing extrinsic evidence in his opposition brief. (Doc. 10 at PageID 67, 69; Docs. 10-1 to 10-3.) The extrinsic evidence includes two media reports from 2012 and 2013, respectively, about alleged incidents of sexual misconduct at Miami University and two internal Miami University reports about university policies for responding to sexual assault. The internal Miami University reports are available to the public on the university's website.

Ordinarily, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner*, 108 F.3d at 88–89; *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A district court can convert a dismissal motion to a summary judgment motion in order to consider extrinsic evidence, but both parties must be given the opportunity to present evidence. *See* Fed. R. Civ. P 12(d). Sahm has not moved to convert the pending dismissal motion to a motion for summary judgment despite relying upon extrinsic evidence. The Court finds in these particular circumstances that it is in the interests of justice to allow Sahm leave to amend his Complaint to incorporate allegations based on the extrinsic evidence. *See* C*arpenter v. Kaiser Foundation Health Plan of Ohio, Inc.*, No. 04CV1689, 2005 WL 1123611, at *5, 7 (N.D. Ohio May 11, 2005) (sua sponte granting leave to

amend complaint). Sahm must allege facts sufficient to state a plausible claim that a gender bias against male students caused an erroneous outcome in Sahm's disciplinary proceeding.

Miami University also has moved to dismiss Sahm's deliberate indifference Title IX claim primarily on the basis that the claim does not fit the facts alleged. Miami University argues that deliberate indifference only is recognized in the context of claims for sexual harassment. Sahm has alleged sexual discrimination in the manner in which the disciplinary proceedings were conducted, but he has not alleged sexual harassment.

The parameters for a Title IX claim based on deliberate indifference are unsettled within the Sixth Circuit. At least one district court in the Sixth Circuit has held that the sexual harassment is a "critical component" of a Title IX deliberate indifference claim. *See Univ. of the South*, 687 F. Supp. 22d at 757–58. A sister court in the Southern District of Ohio refused to adopt the reasoning of *University of the South*. *See Wells*, 7 F. Supp. 3d at 751–52. The *Wells* court recognized that sexual harassment is the "classic case of Title IX deliberate indifference[,]" but it did not limit the deliberate indifference theory to only sexual harassment cases. *Id.* at 751 n.2. The *Wells* court stated that a plaintiff asserting a claim for deliberate indifference under Title IX "must ultimately show that an official of the institution who had the authority to institute corrective measures had actual notice of and failed to correct the misconduct, in this case the alleged defective hearing." 7 F. Supp. 3d at 751.

The Court need not resolve the parameters of a Title IX deliberate indifference claim at this time. The Court is granting Sahm leave to amend his Title IX claims. The Court will not speculate as to the substance of an amended deliberate indifference claim and whether it would be sufficient to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant Miami University's Motion to Dismiss Plaintiff's Complaint (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**.  The Court dismisses Sahm's state law claims and his constitutional claims asserted pursuant to 42 U.S.C. § 1983.  However, the Court grants Sahm leave to amend his Title IX claims.  If Sahm fails to file an amended complaint within one month of the date of this Order, the Court shall dismiss the Title IX claims as well for failing to allege that Miami University acted against him on the basis of his gender.  Miami University retains the right to challenge the sufficiency of any amended complaint in a timely manner.

Additionally, the Preliminary Pretrial Conference scheduled in this case for January 13, 2015 is **VACATED** and will be reset at an appropriate time if necessary.

IT IS SO ORDERED.

                                                        S/Susan J. Dlott_____
                                                        Judge Susan J. Dlott
                                                        United States District Court